UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60164-DIMITROULEAS/STRAUSS

NERLANDE JOSEPH,

     Plaintiff,

v.

COMMUNICARE HEALTHCARE SERVICES
INC. D/B/A COMMUNICARE NURSE
REGISTRY, LORETTA A. MOORE,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion to Compel Arbitration and Dismiss/Stay Proceedings ("Motion") [DE 7]. The Motion has been referred to me, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, for appropriate disposition or report and recommendation [*see* DE 8, 9]. I have reviewed the Complaint, the Motion, the Response [DE 12] and Reply [DE 13] thereto, the Independent Contractor's Service Agreement ("Agreement") [DE 7-1], and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 7] be **DENIED**.

## BACKGROUND

Plaintiff, who worked for Defendants as a home health aide, commenced this action under the Fair Labor Standards Act ("FLSA") on January 23, 2021. In the Complaint, Plaintiff alleges that Defendants failed to pay her minimum wage for certain hours worked as well as full overtime pay for hours Plaintiff worked in excess of forty hours per week [DE 1] ¶¶ 9-10. On February 18, 2021, Defendants filed the Motion.

Pursuant to the Motion, Defendants request that the Court compel arbitration (and dismiss or stay this case) on the basis that the parties entered into the Agreement, which contains an arbitration provision.  Specifically, Section 15 of the Agreement provides as follows:

> **15. Resolving Disputes**
> The Contractor understands if a dispute *arises under* this Agreement, any party take [sic] the matter to Florida state court, jurisdiction within Broward County. And that, if a dispute *arises under* this Agreement, the parties agree to first try to resolve the dispute with the help of a mutually agreed-upon mediator in Broward County, FL. Any costs and fees other than attorney fees associated with the mediation shall be shared equally by the parties. If it proves impossible to arrive at a mutually satisfactory solution through mediation, the parties agree to submit the dispute to a mutually agreed-upon arbitrator in Broward County, FL. Judgment upon the award entered by the arbitrator may be entered in any court having jurisdiction to do so. Costs of arbitration, including attorney fees, will be allocated by the arbitrator.

Agreement at p. 6 (emphasis added).  Plaintiff does not dispute that she entered into the Agreement. However, she contests the Motion, arguing that her claims in this case do not come within the scope of the arbitration provision.

## **LEGAL STANDARD**

An arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The Federal Arbitration Act ("FAA") "creates a 'presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115-16 (11th Cir. 2014)).  However, the presumption of arbitrability "does not apply to disputes concerning whether an agreement to arbitrate has been made."  *Id.* (quoting *Dasher*, 745 F.3d at 1116).  When the making of the arbitration agreement is at issue, courts must find that the parties agreed to the arbitration agreement before referring the matter to arbitration. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) ("The court 'shall' order arbitration

2

'upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue.'" (quoting 9 U.S.C. § 4)).

When a motion to compel arbitration is filed, courts consider the following: "(1) whether a valid agreement to arbitrate exists[;] (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Gomez v. Allied Professionals Ins. Co.*, 457 F. Supp. 3d 1351, 1356 (S.D. Fla. 2020) (citations omitted). *See also Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013); *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) ("Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." (citation omitted)).

## ANALYSIS

Here, neither the validity of the Agreement nor waiver is at issue. The sole issue is whether Plaintiff's FLSA claim presents a dispute that is within the ambit of the arbitration provision – specifically, whether Plaintiff's Complaint encompasses a dispute that "arises under" the Agreement. It does not.

"When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citations omitted). "In analyzing the scope of an arbitration clause, Florida courts draw a distinction between clauses that require arbitration of claims 'arising out of' the subject contract and those that require arbitration of claims 'arising out of *or relating to*' the contract. *Leidel v. Coinbase, Inc.*, 729 F. App'x 883, 887 (11th Cir. 2018) (citing *Jackson*, 108 So. 3d at 593). "The former are

considered to be narrow in scope and apply only to those claims that have a direct relationship *to a contract's terms and provisions*." *Id.* (citing *Jackson*, 108 So. 3d at 593) (emphasis added) (internal quotation marks omitted).  "The latter are considered to be broad in scope and apply to claims that are described as having a significant relationship to the contract—regardless of whether the claim is founded in tort or contract law." *Id.* (citing *Jackson*, 108 So. 3d at 593) (internal quotation marks omitted).

The Agreement in this case contains the narrower "arises under" language in the arbitration provision.  Therefore, the provision is limited to disputes that arise under the Agreement itself – disputes that have a direct relationship to the Agreement's "terms and provisions" – not disputes that stem from the parties' relationship more generally.  *Cf. Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *8 (S.D. Fla. Jan. 28, 2016) (recognizing a distinction between disputes arising out of an employment-related contract and disputes arising out of an employment relationship).  Thus, Defendants' attempt in the Motion to characterize the arbitration provision as one covering disputes related to Plaintiff's relationship with Defendants[1] is unavailing.  The outcome may be different if the arbitration provision contained the broader "related to" language, but it does not.

The claims in the Complaint – specifically that Defendants failed to pay Plaintiff the minimum wages and overtime wages owed under the FLSA – do not stem from a breach of any of the Agreement's provisions nor arise under any of those provisions.  Defendants do not point to any specific term or provision of the Agreement to show that Plaintiff's claim in this case arises

---

[1] *See* Motion at p. 2 ¶ 6 ("The Agreement . . . reflects the Parties' will and intent to submit to arbitration all claims related to their relationship.").  *See also* Motion at p. 6 (making similar arguments).

out of the Agreement.  Notably, the Agreement is silent on the compensation to be paid to Plaintiff

and the hours she was expected to work.[2]

Defendants do argue in their Reply that Plaintiff agreed to be treated as an independent

contractor under the Agreement, thus providing a defense to the FLSA claim.  Again, Defendants

do not point to or analyze any particular provision in the Agreement, apparently relying on the title

of the Agreement and the use of the term "Contractor" in various places.  But simply because

Plaintiff's claim may have some connection to the subject matter of the Agreement does not mean

that there is a direct relationship to the terms and provisions of the Agreement.  Moreover, "FLSA

claims arise under federal law and . . . whether a FLSA plaintiff is an independent contractor or

employee is determined not by a contract . . . but the economic realities of the plaintiff's

relationship with the alleged employer."  *Baker v. Cajun Energy Servs. & Rentals, LLC*, No.

MO:19-CV-37-DC, 2020 WL 3579206, at *6 (W.D. Tex. Mar. 24, 2020) (citing *Flynn v. Sanchez

Oil & Gas Corp.*, No. SA-19-CV-00867-JKP, 2019 WL 6606530, at *6 (W.D. Tex. Dec. 5, 2019)).

*See also Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 449 F. App'x 704, 709 (10th Cir.

2011) ("For a plaintiff's claims to rely on the contract containing the arbitration provision, the

contract must form the legal basis of those claims; it is not enough that the contract is factually

---

[2] Had the Agreement addressed the compensation to be paid to Plaintiff, and had the arbitration provision contained "related to" language, the outcome would very likely be different.  *See Robinson v. Anytime Rentals, Inc.*, No. 2:14-CV-528-FTM-38CM, 2015 WL 4393709, at *1, 5 (M.D. Fla. Feb. 20, 2015), *report and recommendation adopted*, 2015 WL 4393476 (M.D. Fla. July 15, 2015) (granting motion to compel arbitration where independent contractor agreement's arbitration provision applied to "any controversy or claim which arises out of, *or relates to* this Agreement," and where the agreement addressed, *inter alia*, "the particular terms as to how Plaintiff would be compensated" (emphasis added)).

significant to the plaintiff's claims or has a 'but-for' relationship with them." (citing *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1173-74 (11th Cir. 2011))).[3]

Ultimately, although the presumption of arbitrability applies to the scope issue before the Court, the Court would have to twist the words of the Agreement (like Defendants do) in order to find that Plaintiff's claim comes within the scope of the Agreement. But that is not something the Court is permitted to do. *See Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1214 (11th Cir. 2011) ("Even though there is that presumption in favor of arbitration, '[t]he courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties.'" (citation omitted)).

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that the District Court **DENY** the Motion [DE 7].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.

---

[3] In their Reply, Defendants similarly argue that "Plaintiff would not have the ability to bring an FLSA claim but for the relationship that was created by, and is governed by, her [Agreement] with the Defendant." Reply at p. 2 ¶ 3. However, "the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into [even the broader class of claims] 'arising out of or relating to' the agreement." *Seifert*, 750 So. 2d at 638.

*See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

      **DONE AND SUBMITTED** in Fort Lauderdale, Florida on this 18th day of March 2021.

Jared M. Strauss
United States Magistrate Judge